NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUQRIS THOMPSON, | No. 16-16341 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:14-cv-01286-JAD-NJK |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted December 6, 2017**
San Francisco, California

Before: SCHROEDER and GRABER,*** Circuit Judges, and ELLIS,**** District

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*** This case was submitted to a panel that included Judge Kozinski, who retired. Following Judge Kozinski's retirement, Judge Graber was drawn by lot to replace him. Ninth Circuit General Order 3.2.h. Judge Graber has read the briefs and reviewed the record.

**** The Honorable Sara Lee Ellis, United States District Judge for the Northern District of Illinois, sitting by designation.

Judge.

Luqris Thompson was exonerated and released from prison after spending approximately four and a half years in prison for a robbery he did not commit. He subsequently filed this 42 U.S.C. § 1983 action in the District of Nevada, alleging violations of his federal constitutional rights and state-law claims for intentional infliction of emotional distress, malicious prosecution, and false imprisonment against the Las Vegas Metropolitan Police Department ("LVMPD") and Detective George Libbey arising from the investigation of the robbery and Thompson's subsequent wrongful conviction. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment *de novo*. *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013). We also review the district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

Thompson contends that Libbey violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to obtain and disclose potentially exculpatory evidence to Thompson before his criminal trial. Thompson did not adduce any evidence that Libbey knew of, but failed to disclose, any exculpatory evidence or that he acted in bad faith in failing to obtain exculpatory evidence. Therefore, we affirm the district court's grant of summary judgment in favor of Libbey on the *Brady* claim and in favor of LVMPD on the related municipal

liability claim arising under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Thompson's claim for intentional infliction of emotional distress is premised on his theory that Libbey intentionally withheld exculpatory evidence before the criminal trial. But, again, Thompson failed to adduce any evidence that Libbey knew of, but failed to disclose, any exculpatory evidence or that he acted in bad faith in failing to obtain exculpatory evidence. Therefore, we affirm the district court's grant of summary judgment on this claim.

Thompson also failed to allege facts sufficient to state a claim for malicious prosecution and false imprisonment against Libbey in his Fifth Amended Complaint. There are no plausible facts with which Thompson could amend his complaint to state a claim for false imprisonment; therefore, we affirm the district court's decision to dismiss this claim. However, there are facts on which Thompson could amend his complaint to state a claim for malicious prosecution. Specifically, in his Fifth Amended Complaint (which did not include the already-dismissed malicious prosecution claim), Thompson alleged that Libbey had coached the victim during her grand jury testimony to bolster her identification of Thompson. Therefore, we reverse the dismissal with prejudice and remand the case with instructions to allow Thompson leave to amend his malicious prosecution claim against Libbey.

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this memorandum disposition.**  The parties shall bear their own costs on appeal.